IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00722-CNS-KAS

CHRISTOPHER CREGER,

    Plaintiff,

v.

EVERNEST HOLDINGS, LLC,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Amend Scheduling Order Deadline for Amendment of Pleadings and for Leave to Amend His Complaint** [#35] (the "Motion"). Defendant filed a Response [#37] in opposition to the Motion [#35], and Plaintiff filed a Reply [#38]. The Motion [#35] has been referred to the undersigned for a Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See* [#36]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motion [#35] be **DENIED**.

### I. Background

In the present Motion [#35], Plaintiff seeks leave to amend his Complaint [#4] to add a request for punitive damages pursuant to Colo. Rev. Stat. § 13-21-102(1.5)(a). *See Motion* [#35] at 2-3 n.3. The deadline for initial disclosures in this case was June 11, 2024. *Scheduling Order* [#22] § 6.c. On June 6, 2024, Plaintiff agreed to Defendant's request to extend the initial disclosures deadline, which was extended by the Court to July 16, 2024.

*Motion* [#35] at 2; *Minute Order* [#30]. Meanwhile, the deadline for joinder of parties and amendment of pleadings was July 3, 2024. *Scheduling Order* [#22] § 9.a. The initial disclosures were exchanged after that deadline. *Motion* [#35] at 2.

Plaintiff asserts that the disclosures "revealed Defendant acted intentionally in misleading the Colorado Civil Rights Division [(CCRD)] in its response to [Plaintiff's] charge of discrimination," thereby providing support for Plaintiff's request for amendment to add punitive damages. *Id.* at 4. In short, Plaintiff's assertion relies on a three-question survey given by Defendant and to which Plaintiff responded. *Id.* Defendant's response to later CCRD proceedings included submission of Plaintiff's answers to two of three questions which were asked on the survey, but Plaintiff's response to a third question, in which he disclosed his sexual identity, was omitted. *Id.* In its disclosures, Defendant produced complete answers to all three questions, including the answer in which Plaintiff disclosed his sexual identity. *Id.* at 4-5. However, Defendant points to an April 26, 2023 pre-litigation letter from Plaintiff's counsel to the Compliance Investigator for the CCRD which notes Defendant's failure to provide the answers to all three questions to the CCRD and identifies the missing content, *i.e.*, that Plaintiff "disclosed that he is part of the LGBTQ community." *See* [#37-1] at 2.

## II. Analysis

### A.     Colo. Rev. Stat. § 13-21-102(1)(a)[1]

Colorado courts use the terms "punitive damages" and "exemplary damages" interchangeably. *See RCHFU, LLC v. Marriott Vacations Worldwide Corp.*, 445 F. Supp.

---

[1] Because the parties' briefing assumes that Colorado law applies with respect to the punitive damages claim, the Court proceeds under the same assumption. *See Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) (citing *St. Anthony Hosp. v. U.S. Dep't of Health & Hum. Servs.*, 309 F.3d 680, 703 (10th Cir. 2002)).

3d 1327, 1340 n.7 (D. Colo. 2020) ("'Punitive damages' and 'exemplary damages' have the same meaning.") (citing *White v. Hansen*, 837 P.2d 1229, 1231 n.1 (Colo. 1992) (noting that "exemplary damages" and "punitive damages" have the same meaning in common usage)). Under Colorado law, such damages are available only by statute. *Gruntmeir v. Mayrath Indus., Inc.*, 841 F.2d 1037, 1040 (10th Cir. 1988) (citing *Kaitz v. Dist. Court*, 650 P.2d 553 (Colo. 1982)). Colo. Rev. Stat. § 13-21-102(1)(a) allows the jury to award "reasonable exemplary damages" in any civil action "in which damages are assessed by a jury for a wrong done to the person . . . and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct[.]" However, "[a] claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages . . . may be allowed by amendment to the pleadings only after the exchange of initial disclosures . . . and the plaintiff establishes prima facie proof of a triable issue." Colo. Rev. Stat. § 13-21-102(1.5)(a). "The existence of a triable issue on punitive damages may be established through discovery, by evidentiary means, or by an offer of proof." *Leidholt v. Dist. Court*, 619 P.2d 768, 771 (Colo. 1980).

Here, Plaintiff argues that the punitive damages statute, *i.e.*, Colo. Rev. Stat. § 13-21-102(1)(a), is applicable to his Colorado Anti-Discrimination Act ("CADA") claim. *Motion* [#35] at 2-3 n.3. Defendant asserts that it is not. *Response* [#37] at 2-5. At the outset, the Court notes that it has found no case holding that CADA claims are subject to Colorado's general punitive damages statute. However, in *Hensley v. Tri-QSI Denver Corp.*, 98 P.3d 965, 967 (Colo. App. 2004), the Colorado Court of Appeals explicitly held that an award of punitive damages under Colo. Rev. Stat. § 13-21-102(1)(a) is available "only for viable

3

tort claims," and in *Elder v. Williams*, 477 P.3d 694, 699 (Colo. 2020), the Colorado Supreme Court unequivocally held that "CADA claims do not and could not lie in tort[.]" Thus, because CADA claims are not tort claims, and because the punitive damages statute only applies to tort claims, Colo. Rev. Stat. § 13-21-102(1)(a) does not apply to Plaintiff's CADA claim.

Plaintiff provides two state District Court of Colorado cases which he avers support his position. *See* [#38-1, #38-2, #38-3]. First, in *Holley v. Southwest Heating Cooling LLC*, No. 2023CV814 (Colo. Dist. Ct. May 29, 2014) [#38-3], the plaintiff sought leave to amend his complaint to add a claim for exemplary damages under Colo. Rev. Stat. § 13-21-102. *See* [#38-3] at 2. The plaintiff had asserted claims for wrongful discharge, violation of CADA, retaliation in violation of CADA, and tortious interference with contract. *See Holley v. Sw. Heating Cooling LLC*, No. 2023CV814 (Colo. Dist. Ct. Oct. 1, 2013) [#38-2] at 1. Without discussing any of the plaintiff's specific causes of action, including the CADA claim, the court determined that the plaintiff had failed to demonstrate that the defendant behaved in a willful and wanton manner and therefore denied the request to add exemplary damages. *See* [#38-3] at 2. Here, the Court finds this case unpersuasive for several reasons. First, there is no indication that any party raised the issue of whether the exemplary damages statute applies to CADA causes of action. Second, the decision renders unclear whether the request to add exemplary damages, if granted, would have applied to the CADA causes of action or only to the non-CADA causes of action. Third, *Holley* pre-dates the Colorado Supreme Court's *Elder* decision, issued on December 21, 2020, holding that CADA claims are not tort claims.

The second case provided by Plaintiff is *Gillies v. Support, Inc.*, No. 2019CV274

4

(Colo. Dist. Ct. Mar. 30, 2020) [#38-1], which involved a pro se plaintiff asserting multiple claims and requesting punitive damages in the complaint. After denying the defendant's request to dismiss the plaintiff's claims of wrongful separation (which may have encompassed a CADA claim) and breach of contract, the court dismissed the plaintiff's punitive damages claim as premature and for failure to comply with Colo. Rev. Stat. § 13-21-102. *See* [#38-1] at 2, 5-8. For the same reasons as stated in connection with the *Holley* case, the Court finds *Gillies* unpersuasive. First, there is no indication that any party raised the issue of whether the exemplary damages statute applies to a CADA cause of action. Second, the decision renders unclear whether the request to add exemplary damages, if granted, would have applied to the CADA cause of action or only to the non-CADA cause of action. Third, *Holley* pre-dates the Colorado Supreme Court's *Elder* decision holding that CADA claims are not tort claims.

Finally, the Court notes that the CADA statute has its own provision regarding punitive damages. *See* Colo. Rev. Stat. § 24-34-405(3). The Job Protection and Civil Rights Enforcement Act of 2013 amended the available remedies for CADA actions accruing on or after January 1, 2015, making compensatory and punitive damages available as well as the right to a jury trial. *See* Colo. Rev. Stat. § 24-34-405(3)(f). The CADA statute contains no mention of the general punitive damages statute, Colo. Rev. Stat. § 13-21-102(1)(a), being incorporated into or otherwise related to the punitive damages permitted under CADA.

In short, the Court finds that the punitive damages statute, Colo. Rev. Stat. § 13-21-102(1)(a), does not apply to CADA claims. Accordingly, the Court **recommends** that the Motion [#35] be **denied** to the extent it is premised on Colo. Rev. Stat. § 13-21-

5

102(1)(a).

**B.     Fed. R. Civ. P. 16(b)(4)**

As an alternative to amendment of the complaint under the punitive damages statute, Plaintiff appears to argue that the Court may allow amendment under Fed. R. Civ. P. 16(b)(4) and 15(a)(2). The Motion [#35] was filed on August 21, 2024, after the July 3, 2024 deadline for joinder of parties and amendment of pleadings. *Sched. Order* [#22] § 9.a. "After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)); *see also* Fed. R. Civ. P. 16(b)(4) (stating that a party seeking to modify a scheduling order must show good cause and obtain the judge's consent). If a party fails to establish good cause under Rule 16, a court need not also consider whether Rule 15 is satisfied. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240; *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1248-49 (10th Cir. 2015).

In practice, good cause under Rule 16(b)(4) "requires the movant to show the scheduling deadlines cannot be met despite . . . diligent efforts" and "may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Birch*, 812 F.3d at 1247 (quoting *Gorsuch, Ltd.*, 771 F.3d at 1240); *Pumpco, Inc.*, 204 F.R.D. at 668-69 (finding good cause where "a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend"). However, if the party knew of the underlying conduct but simply failed to raise a claim or affirmative defense, the claim or affirmative defense will be

6

barred. *Gorsuch, Ltd.*, 771 F.3d at 1240 (citations omitted).

Defendant argues that Plaintiff fails to demonstrate the requisite good cause under Rule 16(b)(4). *Response* [#37] at 5-6. Defendant asserts that Plaintiff knew by April 26, 2023, at the latest, of the information underlying the punitive damages request. *Id.* at 5-6. Plaintiff does not dispute the contents of the letter his counsel sent to the CCRD, including the fact that the letter notes that Defendant only sent two of the three survey responses to the CCRD. *Reply* [#38] at 4. However, Plaintiff states that "Defendant omitted Plaintiff's survey answer to question 1 during the [CCRD] investigation, then disclosed the same answer in initial disclosures, which fell *after* the deadline to amend the pleadings," and that he "was not certain until that point that Defendant possessed the answers to question 1 the entire time and knowingly misled the CCRD by failing to provide them in the investigation." *Id.* Plaintiff therefore avers that "Defendant's concealment of its knowledge about Plaintiff's survey response *is new information*" that was discovered after the deadline for amendment of pleadings passed. *Id.* Plaintiff further asserts that he was diligent in waiting to ask for the addition of punitive damages "because it was based on the unresolved premise that plaintiffs can plead punitive damages for CADA claims in their initial complaint." *Id.*

The Court is not convinced by either of Plaintiff's arguments. The Court first addresses Plaintiff's second argument. Although the undersigned has found no legal authority explicitly holding that the exemplary damages statute does not apply to CADA claims, as explained above, a straight-forward application of the law demonstrates that it does not. This is not a situation where a particularly complicated legal analysis needed to occur to resolve a "close call" on the law in this area. Thus, Plaintiff's purported strategy

7

of waiting to seek exemplary damages does not demonstrate diligence.

As for Plaintiff's first argument, which concerns "new information" learned, the Court gives no credence to Plaintiff's argument. Although Plaintiff states that he could not be sure that Defendant had the information from the survey regarding his sexual orientation before it was produced in disclosures, the entire basis for his claims in the complaint are that Defendant *did* have this information and that this was the reason why Plaintiff's employment was terminated. Thus, the Court cannot find that this "new information" was actually new to Plaintiff. Therefore, the Court finds that Plaintiff has not demonstrated diligence on this basis. As noted, if the party knew of the underlying conduct but simply failed to raise a claim based on that conduct, the claim is barred. *Gorsuch, Ltd.*, 771 F.3d at 1240 (citations omitted).

Accordingly, the Court **recommends** that the Motion [#38] be **denied** to the extent Plaintiff seeks leave to add an exemplary damages claim under Fed. R. Civ. P. 16(b)(4).

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#35] be **DENIED**.

IT IS FURTHER **ORDERED** that any party may file objections within 14 days of service of this Recommendation. In relevant part, Fed. R. Civ. P. 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review

by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated:  December 6, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge